# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3231

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| William John Barber, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 6, 2003
Filed: June 12, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

William John Barber pleaded guilty to using fire to commit a federal felony (mail fraud), in violation of 18 U.S.C. § 844(h)(1). The district court[1] sentenced Barber to 120 months imprisonment, as mandated by statute and the Sentencing Guidelines, and 3 years supervised release. See 18 U.S.C. § 844(h)(1) (whoever uses fire to commit any felony which may be prosecuted in federal court "shall . . . be sentenced to imprisonment for 10 years"); U.S.S.G. § 2K2.4(a) (Guidelines sentence for defendant convicted under § 844(h)(1) "is the term of imprisonment required by

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

statute"). On appeal, Barber's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), raising the issues whether there was a factual basis at the plea hearing to establish a section 844(h)(1) offense, and whether the statutorily mandated 10-year sentence constitutes cruel and unusual punishment. In his pro se supplemental brief, Barber contends that his counsel below was ineffective.

The district court had a sufficient factual basis to accept Barber's guilty plea: his stipulations in his plea agreement, his oral confirmation of those stipulations at the plea hearing, and the unobjected-to facts in the presentence report established that Barber directed and aided a codefendant to set fire to a building Barber owned so he could submit a fraudulent insurance claim, and that he used the mail in furtherance of the scheme. See United States v. Ruiz, 105 F.3d 1492, 1503-04 (1st Cir. 1997) (defendants "used" fire to commit mail fraud within meaning of § 844(h)(1) where defendants set fire to clothing store to carry out scheme to deceive insurance company; fire was "the means" by which defendants created appearance of apparent loss). In addition, Barber's 10-year sentence, mandated by both the statute and the Guidelines, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. See United States v. Farmer, 73 F.3d 836, 840 (8th Cir.) (level of punishment imposed for crimes is business of Congress, not courts; only in very narrow circumstances has punishment within statutory limits been held to violate Eighth Amendment; Congress has power to make sentences mandatory and to withdraw all sentencing discretion from courts, except in capital cases), cert. denied, 518 U.S. 1028 (1996); United States v. Foote, 920 F.2d 1395, 1401 (8th Cir. 1990) (as matter of law, sentences imposed pursuant to Guidelines do not violate Eighth Amendment), cert. denied, 500 U.S. 946 (1991). Last, Barber's ineffective-assistance claim is more appropriately raised in collateral proceedings under 28 U.S.C. § 2255. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

Upon careful review of the record, see Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues.   Accordingly, the judgment is affirmed.  We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.